UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL BURNHART, AKA (KELLY),

    Plaintiff,

v.

HAROLD W. CLARK, *et al*,

    Defendants.

Case No.  C06-5326RJB-KLS

ORDER TO SHOW CAUSE

    This case has been referred to United States Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1) and Local MJR 3 and 4.  This matter comes before the Court on plaintiff's filing of an application to proceed *in forma pauperis* and a civil rights complaint under 42 U.S.C. § 1983.  To file a complaint and initiate legal proceedings plaintiff must pay a filing fee of $350.00 or file a proper application to proceed *in forma pauperis*.

    On June 12, 2006, the Clerk received plaintiff's complaint and application to proceed *in forma pauperis*. (Dkt. #1).  That same day, the Clerk sent plaintiff a letter (Dkt. #2) informing him that his application was deficient in that he had not submitted a copy of his prison trust account statement pursuant to 28 U.S.C. § 1915(a)(2), which reads in relevant part as follows:

    A prisoner seeking to bring a civil action or appeal a judgment in a civil action or

ORDER
Page - 1

> proceeding without prepayment of fees or security therefor . . . shall submit a certified copy of the trust fund account statement (or institutional equivalent) for the prisoner for the 6-month period immediately preceding the filing of the complaint or notice of appeal, obtained from the appropriate official of each prison at which the prisoner is or was confined.

Plaintiff thus was required to submit a statement showing the balance and activity of his account for the six-month period immediately preceding the filing of his complaint.

On June 23, 2006, and again on June 28, 2006, plaintiff submitted an account statement for an inmate named Michael Leon Kelly. (Dkt. #5 and #8). While plaintiff hints at also being known as someone named "Kelly" in his complaint, it is not at all clear that he is the same person as the inmate named in the submitted account statements. As such, because the Court cannot make this determination on the basis of the current record, it is unable at this time to determine plaintiff's eligibility for *in forma pauperis* status.

Accordingly, the Court orders the following:

(1) Plaintiff shall seek to cure the above deficiency by filing **no later than August 31, 2006**, official documentation or other similarly reliable information showing that he is the same person as the inmate referred to in the prison trust account statements he has submitted, or provide the court with a copy of his six-month prison trust account statement issued under the same plaintiff name as used in his complaint. **Failure to cure this deficiency by the above date shall be deemed a failure to properly prosecute this matter and the Court will recommend dismissal of this matter.**

(2) The Clerk is directed to send a copy of this Order to plaintiff.

DATED this 1st day of August, 2006.

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 2