UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

MICHAEL BURNHART, AKA (KELLY),

    Plaintiff,

v.

HAROLD W. CLARK, *et al*,

    Defendants.

Case No. C06-5326RJB-KLS

ORDER TO SHOW CAUSE

    This matter has been referred to Magistrate Judge Karen L. Strombom pursuant to 28 U.S.C. § 636(b)(1), Local Magistrates Rules MJR 3 and 4, and Rule 72 of the Federal Rules of Civil Procedure. The case is before the Court upon the Court's review of the complaint. After reviewing the complaint and the balance of the record, the Court finds and orders as follows:

    A complaint is frivolous when it has no arguable basis in law or fact. <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1228 (9th Cir. 1984). When a complaint is frivolous, fails to state a claim, or contains a complete

ORDER
Page - 1

1  defense to the action on its face, the court may dismiss an *in forma pauperis* complaint before service of
2  process under 28 U.S.C. § 1915(d). <u>Noll v. Carlson</u>, 809 F.2d 1446, 1448 (9th Cir. 1987) (*citing* <u>Franklin
3  v. Murphy</u>, 745 F.2d 1221, 1227 (9th Cir. 1984)).

To state a claim under 42 U.S.C. § 1983, a complaint must allege: (i) the conduct complained of was committed by a person acting under color of state law and (ii) the conduct deprived a person of a right, privilege, or immunity secured by the Constitution or laws of the United States. <u>Parratt v. Taylor</u>, 451 U.S. 527, 535 (1981), overruled on other grounds, <u>Daniels v. Williams</u>, 474 U.S. 327 (1986). Section 1983 is the appropriate avenue to remedy an alleged wrong only if both of these elements are present. <u>Haygood v. Younger</u>, 769 F.2d 1350, 1354 (9th Cir. 1985).

Plaintiff also must allege facts showing how individually named defendants caused or personally participated in causing the harm alleged in the complaint. <u>Arnold v. IBM</u>, 637 F.2d 1350, 1355 (9th Cir. 1981). A defendant cannot be held liable under 42 U.S.C. § 1983 solely on the basis of supervisory responsibility or position. <u>Monell v. New York City Dept. of Social Services</u>, 436 U.S. 658, 694 n.58 (1978). A theory of *respondeat superior* is not sufficient to state a section 1983 claim. <u>Padway v. Palches</u>, 665 F.2d 965, 968 (9th Cir. 1982).

Plaintiff names as defendants in his complaint, Harold W. Clark, the Secretary of the Washington State Department of Corrections ("DOC"), and James Thatcher, the "director" of DOC. In his complaint, plaintiff sets forth certain issues he has with the use of polygraph testing by DOC in general, and with respect to his sentencing in particular. Plaintiff, however, has failed to set forth any facts showing how the individual defendants named in his complaint participated or personally participated in the harm alleged. Indeed, it is not clear from the complaint what exactly the harm is plaintiff is alleging, let alone that he is alleging a violation of federal law or his constitutional rights. To the extent plaintiff is naming defendants Clark and Thatcher because they are the persons who are ultimately responsible for DOC's policies and/or the actions of its officials, as noted above, liability under section 1983 is unavailable on the basis of supervisory responsibility or position.

Finally, plaintiff appears to be seeking injunctive and/or declaratory relief concerning the use of polygraph testing by DOC, and DOC's policies and authority with respect thereto. However, under the Eleventh Amendment to the United States Constitution, a state is not subject to suit by its own citizens in federal court. <u>Edelman v. Jordan</u>, 415 U.S. 651, 662-63 (1974). A state agency, as an arm of the state, is

ORDER
Page - 2

immune from suit in federal court under the Eleventh Amendment as well. Howlett v. Rose, 496 U.S. 356, 365 (1990); Will v. Michigan Dep't of State Police, 491 U.S. 58, 70 (1989). An entity that has Eleventh Amendment immunity also is not a "person" within the meaning of 42 U.S.C. § 1983.[1] Howlett, 496 U.S. at 365. Because DOC is a state agency, it is immune from liability here.

In addition, "[i]t is elementary that one is not bound by a judgment in personam resulting from litigation in which he is not designated as a party or to which he has not been made a party by service of process." Radio Corp. v. Hazeltine Research, Inc., 395 U.S. 100, 110 (1969). In other words, "a court has no power to adjudicate a personal claim or obligation unless it has jurisdiction over the person of the defendant." Id. Here, plaintiff has not named DOC as a defendant in this case. As such, the Court has no power to grant plaintiff the relief he requests to the extent that relief concerns injunctive or declaratory relief with respect to DOC. Even if the Court did have such power, however, again, as just discussed, DOC possesses Eleventh Amendment immunity here.

Due to the deficiencies described above, the Court will not serve the complaint. Plaintiff shall file an amended complaint, curing, if possible, the above noted deficiencies, or show cause explaining why this matter should not be dismissed by **no later than September 10, 2006**. The amended complaint must carry the same case number as this one. If an amended complaint is not timely filed or if plaintiff fails to adequately address these issues, the Court will recommend dismissal of this action as frivolous pursuant to 28 U.S.C. § 1915, and such dismissal will count as a "strike" under 28 U.S.C. § 1915(g).

Plaintiff is advised that an amended pleading operates as a *complete* substitute for an original pleading. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th Cir. 1992) (citing Hal Roach Studios, Inc. v. Richard Feiner & Co., 896 F.2d 1542, 1546 (9th Cir. 1990) (as amended), *cert. denied*, 506 U.S. 915 (1992). Thus, if plaintiff chooses to file an amended complaint, the Court will not consider his original complaint.

The Clerk is directed to send plaintiff the appropriate forms so that he may file an amended complaint. The Clerk is further directed to send a copy of this Order and a copy of the General Order to

---

[1] Section 1983 reads in relevant part: "Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory or the District of Columbia, subjects, or causes to be subjected, any citizen of the United States or other person within the jurisdiction thereof to the deprivation of any rights, privileges, or immunities secured by the Constitution and laws, shall be liable to the party injured in an action at law, suit in equity, or other proper proceeding for redress." 42 U.S.C. § 1983.

1  plaintiff.

2  DATED this 10th day of August, 2006.

*(signature)*

Karen L. Strombom
United States Magistrate Judge

ORDER
Page - 4